**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James CARLTON, Defendant-Appellant.**

**No. 71-2236**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1972.

Malcolm J. Hall, Atlanta, Ga. (court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Defendant was convicted in a jury trial of assaulting a federal correctional officer trainee. At the time of the

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

offense, defendant was a federal prisoner serving a sentence for assault with intent to rape. We affirm the conviction.

Defendant argues that the district court erred in not directing that defendant's race, Negro, be represented on the trial jury. The man he was charged with assaulting was white. Defendant admits that there were a number of Negroes present among the veniremen available for selection of a trial jury, but contends that the government exercised its peremptory challenges to obtain an all-white jury.

■■■■ Rule 24(b) of the Federal Rules of Criminal Procedure gives the government six peremptory challenges in a case of this kind and the defendant ten. By definition, a peremptory challenge to a proposed juror may be made without assigning any cause. The subjective thought process of the prosecutor in deciding which prospective jurors to strike in a given case is beyond inquiry of the Court, trial or appellate, and cannot be questioned by opposing counsel. United States v. Pearson, 448 F.2d 1207, 1216 (5th Cir. 1971). We have previously held in this Circuit that the exercise of peremptory challenges resulting in an absence of Negroes on the jury in a particular case is not improper since the "presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court." Swain v. Alabama, 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965); Davis v. United States, 374 F. 2d 1 (5th Cir. 1967); United States v. Williams, 446 F.2d 486 (5th Cir. 1971); United States v. Pearson, *supra*. Other Circuits have followed the same rule. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161 (1948), cert. den., 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775, reh. den. 335 U.S. 839, 69 S.Ct. 9, 93 L. Ed. 391 (1948); United States ex rel. Duke v. Sain, 297 F.2d 799 (7th Cir. 1962); Maxwell v. Stephens, 348 F.2d 325 (8th Cir. 1965), cert. den., 382 U.S.

944, 86 S.Ct. 387, 15 L.Ed.2d 353, reh. den. 382 U.S. 1000, 86 S.Ct. 532, 15 L. Ed.2d 490 (1965); Brown v. Crouse, 425 F.2d 305 (10th Cir. 1970). See also, Annot. 4 ALR 1200 (1949). We hasten to add, however, as Judge Rives has so well explained in *Pearson, supra*, that where regular practice or custom involving the use of peremptory challenges results in an effective disenfranchisement of a particular class of persons from serving on petit juries or otherwise enjoying "the same right and opportunity to participate in the administration of justice enjoyed by the white population," the Constitution may well dictate a different result. Swain v. Alabama, *supra*, 380 U.S. at p. 224, 85 S. Ct. at 838. *Swain* teaches that the State cannot deprive a class of persons of the privilege of serving on juries by "perverted" use of peremptory challenges, although a particular defendant does not have an Equal Protection right to be tried by jurors of any particular race. Here, as in *Pearson, supra*, defendant completely failed to show that there had been such a systematic exclusion of Negroes from petit juries by the prosecutor's regular practice regarding peremptory challenges, so as to require examination of the case under the principles announced by the Supreme Court in *Swain, supra*.

■■■■ Defendant claims error occurred when he was asked questions on cross-examination about a prior assault. We find no reversible error. The defendant had taken the stand and testified as to an extensive criminal history on direct examination. In response to questions from his own counsel, defendant had testified that he was in prison for assault with intent to commit rape. On cross-examination he was questioned about matters to which he had testified on direct examination. Monroe v. United States, 320 F.2d 277 (5th Cir. 1963). In any event, no objection was made to the questions and the line of questioning was terminated when objection was made.

The motion for a new trial made at the close of the case was based on the above claimed errors and was properly denied by the court.

Affirmed.