UNITED STATES of America,
Plaintiff-Appellee,

v.

L. A. DURHAM and Willie Charles
Durham, Defendants-Appellants.

No. 78–5435
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Manley F. Brown, Macon, Ga. (Court-appointed), for L. Durham.

O. Hale Almand, Jr., Macon, Ga. (Court-appointed), for W. Durham.

D. L. Rampey, Jr., U. S. Atty., William G. Boyd, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before CLARK, RONEY and GEE, Circuit Judges.

CHARLES CLARK, Circuit Judge:

L. A. Durham and Willie Charles Durham were convicted of bank robbery in violation of 18 U.S.C. § 2113. The Durhams contend that the district court committed reversible errors in conducting the trial. We reject their arguments and affirm the convictions.

■ At the beginning of their trial, the Durhams requested that they be allowed to remain outside the courtroom except for the occasions when their presence was needed to permit the witnesses to identify them. The district court denied this request. The Durhams contend that their presence in the courtroom throughout the trial resulted in an unduly suggestive in-court identification procedure.

The Durhams' arguments are without merit. Rule 43 of the Federal Rules of Criminal Procedure requires that the defendant be present "at every stage of the trial." Moreover, the procedures that the Durhams requested would have increased the likelihood of a tainted identification.

Numerous witnesses identified the Durhams as the robbers. If the district court had granted the Durhams' motion, then the defendants would have been ushered in and out of the courtroom during the testimony of each of these witnesses. This procedure would surely have underscored the fact that the Durhams were the persons accused of the bank robbery. In denying the Durhams' request, the district court acted completely within the wide discretion accorded it to fairly conduct their trial.

Following his arrest, L. A. Durham signed documents waiving his *Miranda* rights and consenting to a search of his residence. Durham moved to suppress an incriminating statement made after the waiver was signed and incriminating evidence gathered as a result of his signing the consent form. Durham urged that his action in signing the forms was not voluntary since he was intoxicated at the time he signed the forms and did not understand them. The district court denied his motion to suppress, holding that he voluntarily signed the forms. Durham urges that the district court erred in denying his motion.

■ A trial court's determination that a consent to search and waiver of rights were voluntary cannot be set aside unless the finding is clearly erroneous. *United States v. Garcia*, 496 F.2d 670, 674 (5th Cir. 1974), *cert. denied*, 420 U.S. 960, 95 S.Ct. 1347, 43 L.Ed.2d 436 (1975). In the hearing on the motion to suppress, FBI agents testified that Durham understood the effects of his signing the forms and that Durham was not intoxicated at the time of his arrest. In his testimony on the motion to suppress, Durham admitted that he cooperated with the police officers because he had nothing to hide. The weighing of the credibility of the witnesses in a suppression hearing is a matter for the district court, *United States v. Woods*, 560 F.2d 660, 663 (5th Cir. 1977), and, in light of the evidence adduced in the hearing, the district court's finding that the defendant voluntarily and knowingly signed the forms was not clearly erroneous.

■ Following his arrest, Willie Charles Durham was advised of his *Miranda* rights and signed a form waiving them. Durham challenged the admission of an incriminating statement made after he signed the form, contending that he had requested an attorney before the statement was given and that the FBI failed. to provide him with one. The arresting FBI agents testified that Durham had not requested an attorney. The district court held that the statements were admissible. Durham contends that the district court erred in admitting the evidence. We reject this argument. The testimony conflicted as to whether Durham had requested an attorney, and Durham admitted that he had voluntarily signed the waiver form. In light of these facts, the district court's failure to accept Durham's version of the events surrounding his arrest was not clearly erroneous.

■ During the selection of the jury, the district court required that the peremptory challenges to the venire be exercised in the following manner: first, the Government was to exercise one of its six challenges; then each of the defendants was to exercise one of the ten challenges granted to them jointly and the challenges were to continue, in turn, until all parties had exhausted the allocated challenges. This system allowed the Government the last challenge. The defendants contend that the district court should have required the challenges to be made as follows: first, the Government should have exercised one of its challenges, then one of the defendants should have made a peremptory challenge, followed by the Government and then the other defendant, in turn, until the challenges were exhausted. If this procedure had been used, the defendants would have had a total of five peremptory challenges remaining after the Government had completed its challenges.

The method employed to select juries is committed to the sound discretion of the trial judge. *United States v. Williams*, 447 F.2d 894, 896–97 (5th Cir. 1971). The trial court did not abuse its discretion in adopting the procedures followed in this case;

the defendants were allowed to exercise their full complement of peremptory challenges. *See United States v. Haldeman*, 181 U.S.App.D.C. 254, 559 F.2d 31, 80 (1976); *United States v. Turner*, 558 F.2d 535, 538 (9th Cir. 1977).

The defendants were tried by an all-white jury. They contended that the prosecutor impermissibly exercised his peremptory challenges in order to exclude blacks from the jury in violation of the equal protection guarantees. The district court rejected their arguments.

■ The actions of a prosecutor in exercising the Government's peremptory challenges are presumed to be for the purpose of obtaining "a fair and impartial jury to try the case before the court." *Swain v. Alabama*, 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759, 773 (1965). "The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes." *Id.* In order to require an examination of the prosecutor's exercise of peremptory challenges, a defendant must show that the prosecutor has used the challenges to cause a *systematic* exclusion of blacks from petit juries. *United States v. Carlton*, 456 F.2d 207, 208 (5th Cir. 1972) (emphasis added). Defendants made no such showing here and the trial court was therefore correct in rejecting their challenge to the composition of the jury.

Prior to the trial, the FBI agents in charge of the case interviewed the Government's witnesses, but these witnesses refused to talk with the defense attorneys. The defendants claimed that the Jencks Act, 18 U.S.C. § 3500, required the Government to provide them with copies of the agent's reports concerning the content of the conversations. The Jencks Act requires the Government, in criminal prosecutions, to produce any witness' statement it possesses after that witness has testified for the Government on direct examination. The trial court reviewed the reports and concluded that they were not the statements of

a witness within the meaning of the Act.[1] Defendants contend that the trial court committed error in overruling their request for the material.

We will not overturn a trial court's ruling that reports are not statements under the Jencks Act unless that finding is clearly erroneous. *United States v. Judon*, 581 F.2d 553 at 554–555 (5th Cir. 1978); *United States v. Carrillo*, 561 F.2d 1125, 1128–29 (5th Cir. 1977). An FBI agent's report is Jencks Act material only if the report contains verbatim recitations of the witness' observations. *Judon, supra*, at 555; *United States v. Hodges*, 556 F.2d 366, 368 (5th Cir. 1977). In this case, the witnesses did not verify or sign the reports. The trial court also found that the reports were not transcriptions, but were merely based upon the notes and the memory of the agents. We have examined the reports in question, and, in light of the facts of the case, the trial court's holding that the reports were not Jencks material was not clearly erroneous.

The convictions of L. A. Durham and Willie Charles Durham are

AFFIRMED.

---

1. In the Jencks Act, the word "statement" is defined as

   (1) a written statement made by said witness and signed or otherwise adopted or approved by him;

   (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

   (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.