12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger D. STATON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 93-5637.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1993.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Roger D. Staton, a pro se Kentucky prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 31, 1987, Staton was convicted by a Rowan County, Kentucky, jury of murder and was sentenced to thirty years in prison. The Kentucky Supreme Court affirmed Staton's conviction on September 8, 1988.
 
 
 3
 The following February, Staton filed a motion to vacate, set aside, or correct his judgment pursuant to Ky.R.Crim.P. 11.42. The basis of his claim for relief was ineffective assistance of trial counsel. A hearing on this motion was held on April 20, 1990, after which the trial court denied the motion. On April 26, 1990, Staton appealed that denial.
 
 
 4
 On September 25, 1990, Staton filed a Ky.R.Crim.P. 60.02(3) motion, claiming ineffective assistance by the counsel conducting the Ky.R.Crim.P. 11.42 appeal. That motion was denied without a hearing on October 5, 1990, and that order was also appealed.
 
 
 5
 The Kentucky Court of Appeals consolidated the 11.42 and 60.02(3) appeals and affirmed the decisions denying relief under those rules on December 20, 1990. Subsequently, the Supreme Court of Kentucky entered an order on April 1, 1992, denying Staton's motion for discretionary review of the Court of Appeals' decision.
 
 
 6
 In his habeas petition filed June 11, 1992, Staton asserted the following alleged errors:
 
 
 7
 (1) The trial court erred to petitioner's substantial prejudice by refusing to instruct the jury on second degree manslaughter and reckless homicide.
 
 
 8
 (2) The trial court erred to petitioner's substantial prejudice and deprived petitioner of due process of law by failing to instruct the jury on reasonable doubt as to extreme emotional disturbance.
 
 
 9
 (3) The trial court erred to petitioner's substantial prejudice by failing to declare a mistrial when the victim's father made an outburst during petitioner's testimony which accused petitioner of not being honest in his description of the circumstances of the shooting.
 
 
 10
 (4) Petitioner was deprived of effective assistance of counsel as mandated by the Sixth Amendment of the United States Constitution.
 
 
 11
 (5) Petitioner was substantially prejudiced when the trial court allowed petitioner to be sentenced under an inapplicable statute.
 
 
 12
 (6) Trial court abused its discretion by refusing to hold an evidentiary hearing on the petitioner's Ky.R.Crim.P. 60.02/60.03 motion.
 
 
 13
 The matter was referred to a magistrate judge who issued a report and recommendation that the petition for habeas corpus be denied as meritless. Upon de novo review of the magistrate judge's report and recommendation and Staton's objections, the district court adopted the report and recommendation in an order filed April 20, 1993.
 
 
 14
 Initially, we note that Staton does not raise issue six above on appeal; therefore, it is considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 15
 Upon review, we affirm the order denying Staton's petition for a writ of habeas corpus because Staton has not been denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 16
 First, the Kentucky Supreme Court agreed with the trial judge that the evidence presented no reasonable basis to justify an instruction on second degree manslaughter or reckless homicide. Unlike a finding of historical fact, this finding is not presumptively correct under 28 U.S.C. Sec. 2254(d) because it involves a mixed question of law or fact. See Smith v. Jago, 888 F.2d 399, 407 (6th Cir.1989), cert. denied, 495 U.S. 961 (1990); Caudill v. Jago, 747 F.2d 1046, 1050 (6th Cir.1984) (collecting cases). Nonetheless, the decision of the Kentucky Supreme Court is binding on this court insofar as it involves a question of state law. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir.) (plurality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). Thus, the trial court's refusal to instruct the jury on second degree manslaughter or reckless homicide did not violate Staton's right to due process because the evidence did not warrant a finding of guilt on those charges. See United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 17
 Second, when considered in the context of the instructions as a whole, there was no error of a constitutional magnitude by the trial court structuring the extreme emotional disturbance instruction differently than the instruction tendered by Staton. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 18
 Third, because the trial judge is in the best position to evaluate the prejudicial effect of a spectator's outburst, the decision on whether to grant a mistrial lies within his sound discretion. See e.g., United States v. Brooks, 670 F.2d 148, 152 (11th Cir.), cert. denied, 457 U.S. 1124 (1982). A review of the record indicates that although the court reporter was able to transcribe the outburst, the trial judge specifically stated that he could not understand what was said or who said it, thus creating some doubt that the jury heard the outburst. The trial judge was within his considerable discretion in denying the motion for a mistrial. Even if it is assumed that the jury did hear the outburst, it is highly unlikely that the outburst alone would prejudicially affect the jury's perception of the veracity of Staton. As the district court correctly points out, the victim's father had already testified and was identified to the jury as an individual with a bias against Staton. Moreover, there was overwhelming evidence that could lead the jury to question Staton's truthfulness.
 
 
 19
 Fourth, none of the instances of alleged ineffectiveness of trial counsel rise to a level of constitutional dimension. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 20
 Finally, the district court's reliance on the state procedural default to forestall consideration of Staton's claim that he was sentenced under an inapplicable statute was proper. See Harris v. Reed, 489 U.S. 255, 262-63 (1989).
 
 
 21
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.