**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry LUMITAP, Defendant–Appellant.**

**No. 96–50370.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1997.

Decided April 8, 1997.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Julien A. Adams, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.

JENKINS, Senior District·Judge:

## OVERVIEW

The defendant, Larry Lumitap ("Lumitap"), was found guilty of one count of possession of stolen mail in violation of 18 U.S.C. § 1708. He was sentenced to eight months imprisonment and three years of supervised release. Lumitap contends that the district court abused its discretion both when it denied his request to waive his presence at trial and when it denied his request for an in-court lineup. Because there is no "right" for a criminal defendant to waive his or her presence at trial, the district court did not abuse its discretion when it denied Lumitap's request. In addition, because the district court took the proper steps necessary to ensure that the in-court identification procedure it used was not unduly suggestive, it did not abuse its discretion when it denied Lumitap's request for an in-court lineup. Accordingly, we affirm the district court's rulings in all respects.

## FACTUAL BACKGROUND

On January 29, 1996, Lumitap was observed riding a bicycle from mailbox to mailbox in a residential neighborhood in Carson, California. Lumitap would stop at each mailbox and remove any mail he found. He would then put the mail he removed into a black bag he was carrying and continue along

---

* The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation.

his ersatz mail route. Lumitap was later observed tossing this same black bag into the yard of one of the homes. After receiving a call from a resident of the neighborhood about a man stealing mail, the police responded and detained Lumitap. While Lumitap .was detained, Danilo Caldejon ("Caldejon"), the telephone caller and an eyewitness to the thefts, identified Lumitap as the mail thief. Caldejon also provided the police with the black bag containing the stolen mail that Lumitap had thrown away. Lumitap was then formally arrested.

On February 13, 1996, Lumitap was charged in a one-count Indictment with possession of stolen mail in violation of 18 U.S.C. § 1708. On March 8, 1996, Lumitap, claiming that he was unlawfully detained, filed a motion to suppress any fruits of that detention. On April 1, 1996, the district court granted in part and denied in part Lumitap's motion. In relevant part, the district court ordered that the field identification of Lumitap should be suppressed, but expressly reserved on the issue of whether any in-court identifications would be permitted. Subsequently, on April 3, 1996, Lumitap filed a motion to waive his presence at trial or, in the alternative, for a pretrial or in-court lineup. The district court denied this motion. The court also concluded that the witness, Caldejon, would be permitted to make an in-court identification at trial. Following a one-day bench trial on April 19, 1996, Lumitap was found guilty as charged in the Indictment. On June 19, 1996, the district court sentenced Lumitap to eight months imprisonment and three years supervised release.

## STANDARD OF REVIEW

 A district court's denial of a defendant's motion to waive his presence at trial is reviewed for abuse of discretion. *United States v. Durham,* 587 F.2d 799, 800 (5th Cir.1979); *see also United States v. Marotta,*

1. In *United States v. Hamilton,* 792 F.2d 837, 840 (9th Cir.1986), we had an opportunity to rule on this issue but declined to reach the merits.

2. Rule 43(b) reads as follows:

 (b) **Continued Presence Not Required.** The further progress of the trial to and including the return of the verdict, and the imposition of sen-

518 F.2d 681, 684 (9th Cir.1975) (trial court's rulings on defendant's absence from trial reviewed for abuse of discretion). The district court's denial of a request for an in-court lineup is also reviewed for abuse of discretion. *United States v. Domina,* 784 F.2d 1361, 1369 (9th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987); *United States v. Williams,* 436 F.2d 1166, 1168 (9th Cir.1970), *cert. denied,* 402 U.S. 912, 91 S.Ct. 1392, 28 L.Ed.2d 654 (1971).

## DISCUSSION

### I. Waiver of Presence at Trial

Lumitap argues that the district court abused its discretion when it denied his request to waive his presence at trial. Although Lumitap acknowledges that other circuits have held that a defendant does not have a right to waive his presence at trial under these circumstances, *see, e.g., Durham,* 587 F.2d at 800, he argues that this Court has left that question open.[1] He also argues that the district court abused its discretion because it based its decision on an erroneous belief that the Government has a right to demand the presence of a defendant for purposes of an in-court identification. Lumitap asserts that the circumstances of this case, *i.e.,* that he was illegally arrested and that he has affirmatively waived his right to be present at trial, outweigh any such right the Government may have.

Lumitap, however, offers no case law in support of his position. Instead he relies on his novel, albeit faulty, interpretation of Rule 43(b) of the Federal Rules of Criminal Procedure. Lumitap asserts that because Rule 43(b) permits a trial to continue despite the absence of the defendant, the rule also provides implicit support for his view that a defendant has a right to affirmatively waive his presence at trial to avoid being identified.[2]

tence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

 (1) is voluntarily absent after the trial has commenced....

The Government, on the other hand, notes that all of the cases that have discussed this very issue have held that it is not an abuse of discretion for a court to deny a defendant's request to waive his presence at trial when the request is being made to avoid being identified. *See, e.g., United States v. Moore,* 466 F.2d 547, 548 (3d Cir.1972) (noting that neither the federal rules nor due process "vest[s] a right of absence in a defendant"), *cert. denied,* 409 U.S. 1111, 93 S.Ct. 920, 34 L.Ed.2d 692 (1973); *United States v. Fitzpatrick,* 437 F.2d 19, 27 (2d Cir.1970) (maintaining that neither the federal rules nor the case law supports a defendant's right to "absent himself from the courtroom, especially when his identification is the focal point of his trial"). As the district court properly noted, the clear weight of authority supports the Government's view. In cases where, as here, a defendant seeks to affirmatively waive his presence at trial to avoid an in-court identification,[3] a district court does not abuse its discretion when that request is denied.

Lumitap also argues that the district court's statement, that the Government has a "right" to have the defendant present at trial for identification purposes, amounts to reversible error. This argument is without merit. It is well-settled that a defendant may be compelled to submit to some form of identification procedure. *See, e.g., United States v. Wade,* 388 U.S. 218, 222–23, 87 S.Ct. 1926, 1929–30, 18 L.Ed.2d 1149 (1967) (requiring defendant to participate in pretrial lineup); *United States v. Valenzuela,* 722 F.2d 1431, 1433 (9th Cir.1983) (requiring defendant to appear clean shaven to facilitate identification); *Moore,* 466 F.2d at 548 (requiring defendant to be present for purpose of in-court identification). These cases support the district court's view that the Government can compel a defendant's presence at trial for identification purposes.

Lumitap also argues that his illegal arrest distinguishes his case from all those cited by the Government and should prevent any in-court identifications. Lumitap's argument, however, is foreclosed by the Supreme Court's decision in *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). In *Crews,* the Court held that a defendant could not challenge his presence at trial, and a subsequent in-court identification, "simply because his appearance in court was precipitated by an unlawful arrest." *Id.* at 474, 100 S.Ct. at 1251. Lumitap's argument that his willingness to waive his presence at trial should somehow change this result is both without support and unavailing. Accordingly, the district court did not abuse its discretion when it denied Lumitap's request to waive his presence at trial.

## II. In-Court Identification

Lumitap argues that because the only evidence establishing his guilt was the in-court identification, his request for an in-court lineup must be granted. He supports this argument by citations to *Williams,* 436 F.2d at 1168–69, and *Domina,* 784 F.2d at 1369, in which this Court recognized that in-court identifications could be unduly suggestive.

In *Williams,* we upheld a district court's decision to preclude an in-court lineup under similar facts as found here. The defendant in *Williams* was charged with bank robbery. The district court denied the defendant's pretrial request for an in-court lineup. The defendant was then convicted on the basis of in-court identifications. On appeal, we held that the district court did not abuse its discretion even though the question of the defendant's guilt or innocence hung "entirely on the reliability and accuracy of an in-court identification." 436 F.2d at 1168.

Although *Williams* did recognize that it would be an abuse of discretion to deny an in-court lineup if the resulting in-court identification procedure was "unnecessarily sug-

---

Rule 43, however, also provides that:

(a) **Presence Required.** The defendan*t shall be presen*t at the arraignment, at the time of the plea, *at every stage of the tria*l including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(Emphasis added).

3. In fact, defense counsel reported to the district court that the purpose of Lumitap's proposed absence was so "there couldn't be an identification."

gestive and conducive to irreparable mistaken identification," *id.*, the facts of Lumitap's case counsel against such a finding. First, before permitting the in-court identification of Lumitap, the district court determined that the witness had an adequate independent recollection.[4] In addition, at the time the witness identified Lumitap, the district court made its own inquiry of the witness to see how certain the witness was as to his identification. This record indicates that the district court took sufficient steps to avoid an in-court identification procedure that was unnecessarily suggestive or conducive to misidentification. Thus, the court's denial of the request for an in-court lineup was not an abuse of discretion. *See Williams,* 436 F.2d at 1168–69.

## CONCLUSION

The district court did not abuse its discretion when it denied defendant's request to waive his presence at trial. A defendant does not have a cognizable right to affirmatively waive his presence at trial for the purpose of avoiding an in-court identification. In addition, the district court did not abuse its discretion when it denied defendant's request to have an in-court lineup. The district court made sure that the in-court identification procedure it used was not unnecessarily suggestive or conducive to misidentification. Accordingly, the rulings of the district court are **AFFIRMED.**

4. As long as the witness has an independent recollection that is "wholly untainted by the police misconduct," an in-court identification is permissible. *Crews,* 445 U.S. at 474, 100 S.Ct. at 1251. In this case the district court determined that Caldejon, the witness who would identify Lumitap at trial, had an independent recollection of Lumitap that was not influenced or tainted by the police misconduct. The court found that, prior to the police misconduct, Caldejon saw Lumitap taking things from the mailboxes, and Caldejon and Lumitap had a face-to-face conversation during which they spoke to each other in Tagalog, a native Filipino language. The court ruled that these facts supported Caldejon's independent recollection.