**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arif Ali DURRANI, Defendant–**
**Appellant.**

**No. 06–50344.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Submission Withdrawn April 16, 2008.

Resubmitted Aug. 1, 2008.

Filed Aug. 5, 2008.

---

William P. Cole, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Debra Ann Diiorio, DiIorio & Hall, San Diego, CA, for Defendant–Appellant.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Arif Durrani appeals his conviction and sentence for exporting and conspiring to export defense articles without a license. After oral argument and a careful review of the briefs submitted by attorneys and (with our leave) Durrani himself, we affirm his conviction and sentence.

The district court did not abuse its discretion by admitting evidence of Durrani's 1987 conviction for violating the Arms Export Control Act. The prior conviction was, as the district judge explained, "inextricably intertwined" with the evidence, because it showed knowledge of the restrictions on exporting weapons materials and motive for operating the conspiracy as Durrani did.[1]

There was no plain error (defense counsel did not object) to warning Durrani of the court's intent to depart at the commencement of the sentencing hearing instead of warning him earlier.[2] Durrani did not request more time and he offered no explanation of why he might have been prejudiced.

Durrani's right to a speedy trial under the Speedy Trial Act was not violated. Durrani asserted that the speedy trial clock began to run when he was arrested on June 15, 2005 based on a 1999 indictment for a separate crime. This argument fails because "[a]n arrest triggers the running of § 3161(b) of the Speedy Trial Act only if the arrest is for the same offense for which the accused is subsequently indicted."[3] Therefore, Durrani cannot use the 1999 indictment and corresponding ar-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. See Fed.R.Evid. 404(b); *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir.2004); *United States v. Howell*, 231 F.3d 615, 628 (9th Cir.2000).

2. *See United States v. Hernandez*, 251 F.3d 1247, 1252 (9th Cir.2001).

3. *United States v. Brooks*, 670 F.2d 148, 151 (1982).

rest when calculating time under the Speedy Trial Act for the current case.

█ Durrani's conviction was supported by sufficient evidence.[4] A rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. The conviction was supported by (1) testimony from two eye witnesses to the crimes, Charles Budenz and Rick Tobey, and (2) myriad documents, emails, and receipts confirming that defense articles were exported without a license. Budenz's and Tobey's credibility was for the jury to decide.

Durrani raises several claims of prosecutorial misconduct in his pro se letter brief. We decline to address these issues because the record underlying these claims is not sufficiently developed to permit decision on direct appeal; the claims may be pursued more appropriately in a habeas petition.

**AFFIRMED.**

4.  *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).