[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15807
Non-Argument Calendar

_____

D. C. Docket No. 06-00017-CR-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN LAMAR KELLOGG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 10, 2009)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Franklin Lamar Kellogg appeals his convictions and sentence for armed bank robbery, use of a firearm during a crime of violence, and possession of a firearm by a convicted felon. He contends that (1) the district erred by denying his motion to suppress; (2) there was insufficient evidence to establish that he used a firearm during a crime of violence; and (3) his 960-month sentence was unreasonable. We affirm.

I.

Kellogg contends that the district court erred in denying his motion to suppress evidence obtained during a search of an apartment where Kellogg had been staying. He admits that he consented to the search. He also admits that he signed a waiver of his Miranda rights and that he told the police that one of the guns found in the apartment had been used during a bank robbery. He argues, however, that his consent to the search and his statement about the gun were involuntary because he was intoxicated. According to Kellogg, he had taken three Xanax shortly before he consented to the search.

"We review a district court's denial of a motion to suppress under a mixed standard of review, examining the district court's findings of fact for clear error and the district court's application of law to those facts de novo." United States v. King, 509 F.3d 1338, 1341 (11th Cir. 2007). Whether a defendant's consent to a

search was voluntary "is a question of fact to be determined from all the circumstances." United States v. Garcia, 890 F.2d 355, 358 (11th Cir. 1989) (internal quotation marks and citation omitted). "In order for consent to a search to be deemed voluntary, it must be the product of an essentially free and unconstrained choice." Id. at 360. Similarly, the relinquishment of one's Miranda rights must have been "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Id. at 585 (citation omitted). "[B]ecause in the ordinary case a finding of voluntariness is based on credibility choices, we will not overturn the trial judge's finding that defendant's consent was voluntary, unless it is clearly erroneous." Garcia, 890 F.2d at 359 (citation omitted).

The district court properly denied Kellogg's motion to suppress. At the suppression hearing, federal agent James Melia testified that Kellogg did not appear intoxicated. Agent Melia further testified that Kellogg did not mention that he had taken Xanax or any other medication and did not claim to be intoxicated. Kellogg read and signed forms waiving his Miranda rights and consenting to the search of the house. Here the district court rejected Kellogg's claim of intoxication and accepted Agent Melia's version of the events. That credibility determination was not clearly erroneous. See United States v. Ramirez-Chilel, 289 F.3d 744, 749

(11th Cir. 2002).  Because the district court found that Kellogg was not intoxicated when he consented to the search and waived his <u>Miranda</u> rights, its denial of Kellogg's motion to suppress was proper.  <u>See</u> <u>United States v. Durham</u>, 587 F.2d 799, 800 (5th Cir. 1979).[1]

## II.

Kellogg next contends that there was insufficient evidence to support his conviction for the use of a firearm during a crime of violence.  He argues that the evidence failed to establish that he was carrying a firearm during the commission of the bank robbery.  That argument is meritless.  Several witnesses testified that Kellogg placed a gun on the counter when he demanded that the bank teller give him money.  They also testified that Kellogg shot a round into the bank's ceiling during the robbery.  Surveillance cameras confirm that Kellogg was carrying a gun in his hand when he entered the bank.  The evidence is sufficient to sustain Kellogg's conviction.

## III.

Kellogg's final contention is that the severity of his sentence violated his due process rights.  Kellogg's sentence of 960 months imprisonment is to be served

---

[1] Decisions by the Fifth Circuit issued before October 1, 1981 are binding precedent. <u>See</u> <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

consecutive to an earlier sentence in Tennessee for drug and weapons charges. Combined, those sentences equal a total of a life sentence plus 1,320 months imprisonment, effectively a life sentence. Kellogg contends this sentence when combined with the other one is unreasonable.

We review a final sentence for reasonableness according to the 18 U.S.C. § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Where the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." Rita v. United States, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007). The challenger "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The district court need not state that it has explicitly considered each factor and need not discuss each factor. Id. at 786. The weight accorded to the § 3553(a) factors is left to the district court's discretion. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Kellogg's prior criminal history qualified him as both a career offender and an armed career criminal. His guideline sentencing range was 960-months to life imprisonment. After considering the § 3553(a) factors, the district court decided to

5

sentence him to 960-months imprisonment. That sentence was the low end of the guideline range. It was also below the statutory maximum. The record reflects that the district court properly considered the § 3553(a) factors and its sentence was reasonable.

**AFFIRMED.**