NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE MICHAEL BEITMAN,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>CORIZON HEALTH, INC., Contracted Health Care Provider at ADOC; MARTIN GRUENBERG; CHARLES L. RYAN; CORRECT CARE SOLUTIONS, LLC; DAVID SHINN, Director, BENNIE ROLLINS,<br><br>               Defendants-Appellees, | No.   21-16000<br><br>D.C. No. 2:17-cv-03829-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 13, 2026[**]

Before: O'SCANNLAIN, SILVERMAN and RAWLINSON, Circuit Judges.

Arizona state prisoner Lee Michael Beitman appeals pro se from the district

court's judgment following a three-day jury trial in his action under 42 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1983 alleging deliberate indifference to his medical needs following an assault by other inmates. We review for an abuse of discretion the district court's rulings on motions in limine, *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021), and its decisions regarding a party's presence at trial, *United States v. Lumitap*, 111 F.3d 81, 83 (9th Cir. 1997).  Where a party did not object to the district court's evidentiary rulings, we review for plain error. *United States v. Saini*, 23 F.4th 1155, 1160 (9th Cir. 2022).  We affirm.

The district court did not abuse its discretion by denying without prejudice to appropriate objections at trial Beitman's motion in limine to exclude evidence related to his prior convictions and the length and term of his incarceration. *See* Fed. R. Evid. 609; *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (explaining that although "the scope of inquiry into prior convictions is limited" because of the risk of unfair prejudice and confusion, generally "the prior conviction, its general nature, and punishment of felony range are fair game for testing the defendant's credibility" (citation and alteration omitted)).

Beitman did not object at trial to testimony about the fact of his convicted felon status and the length of his incarceration, and he has not shown that admission of the evidence for purposes of impeachment constitutes plain error. *See* Fed. R. Evid. 609; *Osazuwa*, 564 F.3d at 1175. The record does not support Beitman's

contention that the jury heard evidence concerning the specific charges for which he was convicted.

Beitman has not shown an abuse of discretion in the district court's decision to deny his request to appear in person at his civil trial during the COVID-19 pandemic while granting his alternative request to appear via videoconferencing. *See Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (describing the broad discretion afforded the district court in supervising trials). Even if he could otherwise show a due process violation, moreover, Beitman's alternative request to appear via videoconferencing negates the presence of state compulsion necessary to establish such a violation. *See Estelle v. Williams*, 425 U.S. 501, 512-13 (1976) (explaining that a due process violation exists only if the state compels the challenged restriction, and thus that a defendant's failure to object "is sufficient to negate the presence of compulsion necessary to establish a constitutional violation").

The record does not support Beitman's contentions of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We decline to address claims and arguments omitted from the opening brief. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

Because this appeal is administratively closed as to appellee Corizon Health, Inc., *see* Docket Entry No. 68, we issue no decision with respect to Corizon Health, Inc.

Beitman's motion to consolidate appeals, Docket Entry No. 48, is DENIED.

**AFFIRMED.**