UNITED STATES of America,
Plaintiff-Appellee,

v.

Philip G. DOWNS, Defendant-Appellant.

No. 79–5439

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 17, 1980.

L. Anthony Weisensee, Sioux Falls, S. D., for defendant-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Sect., Robert E. Lindsay, Aaron P. Rosenfeld, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant was the vice-president in charge of trucking for E.T. Barwick Indus-

tries, Inc., a carpet manufacturer. During 1972 and 1973, Barwick trucks were engaged in a practice known in the industry as "illegal backhauling." Appellant was not prosecuted for his involvement in the illegal scheme; rather, he was indicted for failing to include in his tax returns for 1972 and 1973 income allegedly received by him from those who had been provided with the illegal service.[1]

In his opening statement, defense counsel admitted appellant's involvement in the illegal activities. He also conceded that appellant had received the illegal payments, but told the jury that the defense would establish that the money was received for and ultimately spent on behalf of Barwick, and therefore did not constitute income to appellant. The relevant portion of the opening statement reads as follows:

This is the critical fact in this case, and it's the most difficult thing for a jury. This is what you are going to have to decide about the case. That money was used, I think we can prove it to your satisfaction, the money was used, went to Mr. Downs' checking account, was used to pay people off throughout the system to make it work, pay off that scale that you see on the interstate highways when you go between Atlanta and Tennessee, pay off those truck scale men that run the system to make sure that E.T. Barwick Company, without the ICC, knowing it is coming back to Atlanta, knowing it is full of goods, knowing it is breaking the law, that money was used to make the system work.

I think we will be able to prove it, that money was spent by Mr. Down on behalf of E.T. Barwick Industries. That is not good. That is not right. But that's not what he is charged with. He is charged with income tax evasion.

Record, vol. III, at 23.

At the close of the government's case, appellant moved for a judgment of acquittal. The motion was denied. The defense

then exercised its right not to offer any evidence and rested. During the closing argument, the prosecutor, apparently prompted by the straw man erected in defense counsel's opening statement, made two comments which, appellant contends, require us to reverse his convictions. We affirm.

■ The first allegedly improper remark directly related to defense counsel's opening statement:

Ladies and gentlemen, you probably noticed right from the beginning of this case the flavor of the case as it was presented, right at the very start. You will recall the opening statement by Mr. Martin, counsel for the defendant, when he said, oh, yes, the defendant was doing wrong here, that it will be shown; but he said at the same time that doesn't mean he was doing wrong here, of course, denying any kind of tax liability or tax implications, but at the same time admitting he was a wrongdoer.

Record, vol. IV, at 3.

Counsel objected to the comment, claiming that the prosecutor was attempting to argue to the jury that appellant was a habitual criminal. Appellant's motion for a mistrial was denied, but the jury was instructed to disregard that part of the prosecutor's statement "in which he alluded to the defendant as being a wrongdoer." Record vol. IV, at 5.

Even assuming that the prosecutor tried to paint appellant as a "bad man," a new trial is not required. At the very least, all but the last eleven words of the prosecutor's comment is attributable to the opening remarks of defense counsel. The bulk of the statement merely was a rehashing of what appellant's attorney had first said. The error, if any, was invited by appellant's attorney, and, therefore, cannot now be claimed as grounds for reversal. *See United States v. Martinez*, 604 F.2d 361, 366 (5th Cir. 1979). With respect to the last part of

---

1. Appellant was charged with two counts of willfully making and subscribing to income tax returns he knew to be false, 26 U.S.C.A. § 7206(1), and one count of willfully attempting to evade income taxes, 26 U.S.C.A. § 7201.

the comment—"but at the same time admitting that he was a wrongdoer"—the trial court's instruction adequately protected appellant from any potential prejudice.

 Later in his closing argument, the prosecutor reminded the jury that appellant's attorney, Mr. Martin, "chose not to present a defense." Record, vol. IV, at 11. Appellant again unsuccessfully moved for a mistrial. The jury was instructed that the defendant in a criminal case is not required to present a defense, and that they should disregard the prosecutor's comment. Record, vol. IV, at 15. It is urged that the comment was an impermissible reference to appellant's failure to testify, and that it had the effect of shifting the burden of proof, at least in the minds of the jurors, to appellant.

We do not think that the comment "was manifestly intended or was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Dearden*, 546 F.2d 622, 625 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 295, 54 L.Ed.2d 188 (1977); *accord, United States v. Harbin*, 601 F.2d 773, 777 (5th Cir. 1979); *United States v. Chandler*, 586 F.2d 593, 603 (5th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1262, 59 L.Ed.2d 483 (1979); *United States v. Ward*, 552 F.2d 1080, 1083 (5th Cir.), *cert. denied*, 434 U.S. 850, 98 S.Ct. 161, 54 L.Ed.2d 119 (1977). It appears more likely that the prosecutor was attempting to point out to the jury that the government's case was unrebutted. That type of argument does not violate the defendant's right not to testify. *United States v. Dearden*, 546 F.2d at 625. And we find no merit to the contention that the statement had the effect of shifting the burden of proof in the minds of the jurors. Any prejudice which might otherwise have resulted from the comment was prevented by the court's instruction. *Id.*

AFFIRMED.