Harry DUNCAN, Jr., Plaintiff-Appellant,

v.

Leroy STYNCHCOMBE, Sheriff, Arthur K. Bolton, Attorney General, Defendants-Appellees.

No. 82–8409
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1983.

Harry Duncan, Jr., pro se.

Benjamin Oehlert, III, Asst. Dist. Atty., Atlanta Judicial Circuit, Atlanta, Ga., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Harry Duncan, Jr. appeals the district court's denial of his habeas corpus petition, claiming that his burglary conviction is not supported by sufficient evidence and that the prosecutor made improper comments during closing argument. We affirm.

Duncan and a friend, Willie Zachery, visited John Austin at his Atlanta home one Saturday and asked to borrow some money. Austin had no money to lend, but he served breakfast to the two visitors in the dining room. Two days later, Austin's home was ransacked and burglarized. Two television sets, a tape player, some clothing, jewelry, a shotgun, and some other items were taken. Fingerprints were taken from three items left in the house, including a vodka bottle which Austin claimed had been moved from its normal location in the den. Two fingerprints matching Duncan's were found on the bottle. The items stolen from Austin's home were never recovered, and there was no other physical evidence to place Duncan at the scene of the burglary the day it occurred. Duncan was convicted of burglary in a jury trial in the Superior Court of Fulton County, Georgia. The Georgia Court of Appeals affirmed the conviction without opinion. *Duncan v. State,* 155 Ga. App. 146, 270 S.E.2d 406, *cert. denied,* 155 Ga.App. 949 (1980).

In his habeas corpus petition, Duncan first alleges that the fingerprints found on the vodka bottle in Austin's home do not provide sufficient evidence to support his burglary conviction. In *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court announced the standard to be applied by federal courts in habeas corpus proceedings challenging

the sufficiency of the evidence supporting a state court conviction. If procedural prerequisites for habeas corpus relief are otherwise satisfied, "the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324, 99 S.Ct. at 2791. We must view the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2792; *Holloway v. McElroy*, 632 F.2d 605, 640 (5th Cir.1980), cert. denied, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981).

Under Georgia law, fingerprint evidence can warrant a conviction if fingerprints corresponding to those of the accused have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time the crime was committed. *Glover v. State*, 149 Ga.App. 369, 254 S.E.2d 492, 493, cert. denied, 149 Ga.App. 898 (1979); *Anthony v. State*, 85 Ga.App. 119, 68 S.E.2d 150, 152 (1951). We discern no constitutional problems with this rule. Thus we hold that fingerprint evidence alone, under proper circumstances, can be sufficient to sustain a conviction for an offense like burglary against constitutional attack on the sufficiency of evidence principles set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See United States v. Lamartina*, 584 F.2d 764 (6th Cir.1978), cert. denied, 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 483 (1979); *United States v. Cary*, 470 F.2d 469 (D.C.Cir.1972).

Austin testified that Duncan's visit to his house was the first time they had met, and that he was "positive" Duncan and Zachery had entered only his kitchen and dining room during their visit. Austin served breakfast to them and they left a few minutes later. Austin testified that he kept his liquor in the den, at the opposite end of the house from the kitchen and dining room. The import of Austin's testimony is that Duncan had no access to the vodka bottle at any time prior to the robbery. Considering Austin's testimony and the fingerprint evidence together, in the light most favorable to the prosecution, we hold that a rational jury could conclude beyond a reasonable doubt that the fingerprints were impressed at the time that Duncan committed the robbery.

Conflicting testimony from a defense witness, who stated that Duncan and Austin had "partied" together at Austin's home on other occasions, does not alter this holding. It was the jury's duty to weigh conflicting evidence and resolve credibility issues. "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. at 326, 99 S.Ct. at 2792.

Duncan's second contention is that his constitutional rights were violated by the following statement made by the district attorney in his closing argument:

[T]here has been no evidence in this case from the defense at all that Duncan was not in that house on Monday.... Have you heard any evidence from any defense witness that says he was not there on Monday, November 27, 1978?

Duncan argues that this remark was an impermissible reference to his failure to testify, and that it had the effect of shifting the burden of proof to Duncan.

We do not think the district attorney's comment "was manifestly intended or was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Downs*, 615 F.2d 677, 679 (5th Cir.1980) (*quoting United States v. Dearden*, 546 F.2d 622, 625 (5th Cir.), cert. denied, 434 U.S. 902, 98 S.Ct. 295, 54 L.Ed.2d 188 (1977)); *United States v. Harbin*, 601 F.2d 773, 777 (5th Cir.1979). It appears more likely that the prosecutor was attempting to point out to the jury the lack of evidence concerning Duncan's whereabouts at the time of the robbery. A com-

**1216**

ment on the failure of the *defense,* as opposed to that of the *defendant,* to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's fifth amendment privilege. *United States v. Dearden,* 546 F.2d at 625. The prosecutor's comment did not shift the burden of proof to Duncan, because any possible prejudice which might otherwise have resulted from the comment was cured by the court's instructions regarding the burden of proof. *See United States v. Downs,* 615 F.2d at 679.

AFFIRMED.