[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

No. 08-12763
Non-Argument Calendar

_____

D. C. Docket No. 07-00389-CR-RDP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANDRE BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 22, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Andre Bryant appeals his convictions for possession with intent to

distribute cocaine, in violation of 21 U.S.C. § 841, possession of a firearm during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). After a thorough review of the record, we affirm.

I. Background[1]

On December 10, 2006, Birmingham Police Office Matthew Hutchins was patrolling a high-crime area known for drug activity when he observed two cars stopped beside each other and facing in opposite directions in the middle of the road. As he approached, both cars drove away abruptly. Hutchins became suspicious and followed one of the cars, which Bryant was driving. While following Bryant's car, Hutchins checked the license plate in the National Crime Information Center and learned the car had been reported stolen. Hutchins confirmed this report through dispatch.

Hutchins stopped Bryant, believing the car to be stolen, and approached the car with his weapon drawn. Hutchins instructed Bryant to exit the car; Bryant refused and Hutchins attempted to remove Bryant from the car. Bryant began to struggle, shoving Hutchins and running. As Hutchins pursued Bryant, he observed

_____

[1] We recount the facts as presented during the suppression hearing and trial, viewed in the light most favorable to the government. United States v. Newsome, 475 F.3d 1221, 1224 (11th Cir. 2007); United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

2

Bryant toss what Hutchins later learned was a gun to the ground. Bryant eventually surrendered. A search of his car uncovered cocaine, digital scales, and cash. After Bryant was arrested and had waived his Miranda[2] rights, Bryant admitted the gun and drugs were his. Police did not fingerprint any of the evidence.

Hutchins later learned the car was registered to Charles Bryant (no relation to the defendant) and that Charles Bryant had sold the car to the defendant but had kept the registration in his name. In November, police had impounded the car after the defendant's brother was arrested with drugs in the car. The defendant had contacted Charles Bryant and instructed him, as the registered owner, to report the car stolen. Although the car was, in fact, in police custody, the police department's system contained the report that the vehicle was stolen. After Charles Bryant learned the car had been impounded he retrieved the car and returned it to the defendant. The police department's system did not remove the stolen vehicle report.

Bryant moved to suppress the evidence and the statements made at his arrest on the grounds that the police improperly relied on the report that the car was stolen and their negligence did not constitute good faith reliance. He further

---

[2] Miranda v. Arizona, 384 U.S. 436, 458-71, 86 S.Ct. 1602, 1619-26, 16 L.Ed.2d 694 (1966).

asserted that the was no probable cause to stop and search the car. The court denied the motion, finding there was reasonable suspicion of criminal activity based on Hutchins' observations in the high-crime area and Bryant's attempt to flee.

At trial, Detective Heath Boackle confirmed that Bryant admitted possession of the drugs and firearm. Boackle referred to a photograph in which Bryant was seen holding a gun that was different from the firearm involved in the instant offenses. Over Bryant's objection, the court admitted the photo with a limiting instruction for the jury.

In closing argument, the prosecutor referred to Charles Bryant's testimony that he had sold the car to the defendant. The prosecutor told the jury, "He was certain he sold that car, and the testimony is unrebutted. You have heard nothing to the contrary." The jury convicted Bryant on all counts. Bryant was sentenced to life imprisonment.

Bryant now appeals, challenging (1) the denial of his motion to suppress; (2) the admission of the photograph; (3) the prosecutor's comments during closing argument; and (4) the failure by police to obtain fingerprint evidence.

II. Standards of Review

In reviewing a district court's ruling on a motion to suppress, we review

factual findings for clear error and legal conclusions de novo. United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We may consider the evidence presented during the suppression hearing, as well as that presented at trial, and we construe the evidence in the light most favorable to the government as the prevailing party. United States v. Newsome, 475 F.3d 1221, 1224 (11th Cir. 2007); United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). We review a district court's evidentiary rulings for abuse of discretion and will not reverse unless it is shown the error has a substantial influence on the outcome of the trial. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006); United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992).

When a defendant fails to object to an error before the district court, we review the argument for plain error and will remand only if it is shown that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Arias-Izquierdo, 449 F.3d 1168, 1185 (11th Cir. 2006).

III. Discussion

On appeal, Bryant argues that the evidence seized and statements made should have been suppressed because the stop lacked probable cause and was based solely on the incorrect report that the vehicle was stolen. He contends that,

5

under United States v. Herring, 129 S.Ct. 695 (2009), the exclusionary rule applied because the police department's record-keeping system contained wide-spread and systemic errors. He further asserts that the court erroneously admitted the photograph that was unauthenticated, irrelevant, and prejudicial. He also argues, for the first time on appeal, that the prosecutor's statement during closing argument was an indirect comment on his right to remain silent and that police violated his due process right to exculpatory evidence by failing to obtain fingerprints from the drugs and firearm. We address each argument in turn.

1. Motion to Suppress

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. The Fourth Amendment "contains no provision expressly precluding the use of evidence obtained in violation of its commands." Arizona v. Evans, 514 U.S. 1, 10, 115 S.Ct. 1185, 1191, 131 L.Ed.2d 34 (1995). Nonetheless, the exclusionary rule, when applicable, forbids the use of improperly obtained evidence at trial. Herring, 129 S.Ct. at 699. The exclusionary rule, however, does not apply to bar at trial the use of evidence seized by officers acting in reasonable reliance on a search warrant ultimately found to be invalid. United States v. Leon, 468 U.S. 897, 913 (1984). This "good faith exception" to the exclusionary rule does not apply when police obtain evidence in an unconstitutional arrest or search

6

based on objectively unreliable information. Evans, 514 U.S. at 16. Recently, in Herring, the Supreme Court examined whether a district court should have excluded contraband found during a search incident to an arrest when the arrest was based on a police officer's reasonable but mistaken belief that there was an outstanding arrest warrant for the defendant after another department failed to update its computer database to show the warrant had been recalled. 129 S.Ct. at 698. The Supreme Court concluded that the exclusionary rule would not apply because there was no evidence that errors in the recordkeeping system were "routine or widespread." Herring, 129 S.Ct. at 704. Significantly, the Supreme Court explained that it did not intend to imply that all recording keeping errors were immune from the exclusionary rule; if police were "reckless in maintaining a warrant system" or "knowingly made false entries to lay the groundwork for future arrests," then exclusion would be justified. Id. at 703.

Although Bryant urges us to consider the scope of Herring and the exclusionary rule in his case, we need not do so because we conclude there was no Fourth Amendment violation.

In United States v. Lopez-Garcia, 2009 WL 1044594 (11th Cir. Apr. 21, 2009), this court addressed an alleged Fourth Amendment violation resulting from a stop almost identical to the one at issue here. This court concluded that an officer

7

had reasonable suspicion to stop a vehicle where: (1) the defendant's vehicle was stopped in a roadway in a high-crime area known for street-level drug transactions; (2) a person was leaning into the window of the vehicle and having a conversation with the defendant; and (3) once the person saw the officer, he abruptly withdrew from the car window and the defendant drove away. Id. at *4.

Here, Hutchins testified that he became suspicious after observing two vehicles stopped in the middle of a road next to each other pointing in opposite directions in an area known for drug transactions, and he witnessed both vehicles abruptly leave when his patrol car was within their view. Accordingly, Hutchins had reasonable suspicion to stop Bryant, and therefore, did not violate his Fourth Amendment rights. See Lopez-Garcia, 2009 WL 1044594, at *4. As such, the court properly denied the motion to suppress the evidence and Bryant's statements.

2. Admission of the Photograph

Federal Rule of Evidence ("Rule") 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of mistake, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b). To be admissible under Rule 404(b): (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "the act must be

8

established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act"; and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). The district court has a great degree of discretion in weighing probative value and prejudice under Rule 403, but this court has "also recognized that Rule 403 is 'an extraordinary remedy which the district court should invoke sparingly and [t]he balance . . . should be struck in favor of admissibility.'" United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) (internal citations omitted). The risk of undue prejudice can be reduced by a district court's limiting instruction. United States v. Ramirez, 426 F.3d. 1344, 1354 (11th Cir. 2005).

Authentication, as a precedent to admissibility, is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed.R.Evid. 901.

Upon review, we conclude that the district court properly admitted the photograph into evidence. The photograph was relevant to establish Bryant's "knowing possession" with respect to the possession of a firearm by a convicted felon charge. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir.

2000).  The photograph was also admissible under Rule 404(b) to establish that Bryant did not act by mistake or accident in possessing the firearm.  See Fed.R.Evid. 404(b).

Moreover, the district court gave a limiting instruction with regard to the photograph on two separate occasions, stating that the purpose of the photograph was to determine whether Bryant had the necessary knowledge to commit the crime charged, thus mitigating any risk of prejudice.  We presume the jury followed the court's instructions.  United States v. Brown, 983 F.2d 201, 202 (11th Cir. 1993).

Finally, the photograph was properly authenticated by Detective Boackle's testimony that when he opened Bryant's cell phone, he found a picture of Bryant holding a gun.  Accordingly, based on the record, we conclude the district court properly admitted the evidence.

3. Closing Argument

A prosecutor's indirect reference to a failure to testify is not reversible error per se.  United States v. Norton, 867 F.2d 1354, 1364 (11th Cir. 1989).  "A comment is deemed to be a reference to a defendant's silence if it was the prosecutor's manifest intention to refer to the defendant's silence or if it was of such a character that the jury would 'naturally and necessarily' understand it to be

10

a comment on a defendant's silence." United States v. Dodd, 111 F.3d 867, 869 (11th Cir. 1997). When it appears more likely that a prosecutor was attempting to point out to the jury that a government's case was unrebutted, the comment does not violate a defendant's right not to testify. United States v. Downs, 615 F.2d 677, 679 (5th Cir. 1980).[3]

Here, the prosecutor was attempting to point out that the government's case was unrebutted. The statement was not an indirect reference to Bryant's failure to testify and it is unlikely that the jury would have construed it as a comment on his silence. Accordingly, the prosecutor's comment does not amount to plain error warranting remand.

4. Fingerprint Evidence

To establish a due process claim for the alleged destruction or withholding of exculpatory evidence, Bryant must show that the government acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Upon review of the record, we conclude that Bryant's claim that fingerprint evidence would have exonerated him does not establish any error. Bryant admitted the drugs and firearm belonged to him. Thus, there is no evidence the police acted in bad faith when they did not

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

obtain fingerprint evidence and Bryant cannot show that the outcome of his case would have been different if he had such evidence.

IV. Conclusion

For the foregoing reasons, we AFFIRM Bryant's convictions.