[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15277
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-24322-MGC


MOISES E. BURE,

                                        Petitioner-Appellant,

                        versus

STATE OF FLORIDA,

                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2012)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

On June 10, 2008, in the Circuit Court for Miami-Dade County, Florida, a

jury found Moises E. Bure guilty of Unlawful Driving as a Habitual Traffic Offender, a felony of the third degree, *see* Fla. Stat. § 322.34(5), and, on December 11, 2008, the Circuit Court sentenced him to prison for 10 years, with a five-year mandatory sentence as an habitual offender. *See* Fla. Stat. § 775.084(4). He appealed his conviction and sentence, and the District Court of Appeal affirmed. Bure v. State, 50 So.3d 1145 (Fla. App. 3d Dist. 2010). He is before this court on an appeal of an order of the United States District Court for the Southern District of Florida denying his petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. The District Court granted a certificate of appealability ("COA") on three issues: (1) whether Bure's "conviction is the result of prosecutorial misconduct in that the prosecutor made improper remarks during closing argument"; (2) whether "the State failed to provide [Bure] with adequate discovery"; and (3) whether "the trial court improperly permitted [Bure] to proceed *pro se* at trial and sentencing."

## I.

The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and as interpreted by the United States Supreme Court, limits the power of a federal court to grant a writ of habeas corpus vacating the conviction of a state prisoner on the

ground that the conviction was obtained in violation of the Constitution of the United States.  First, a writ may not issue unless, with certain exceptions, the prisoner has exhausted his state remedies.  See 28 U.S. C. § 2254(b), (c); Cullin v. Pinholster, ___ U.S. ____, 131 S. Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  The prisoner exhausts his state remedies by presenting his constitutional claim to the State courts, to afford them an opportunity to correct any error that may have occurred.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995).  If the prisoner has done this, and the State courts "adjudicated" his claim "on the merits," the writ

> shall not be granted . . . unless the adjudication . . .
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The statutory phrase "clearly established Federal law" refers only to "the holdings, as opposed to the dicta," of the Supreme Court decisions extant at the time of the State court adjudication.  Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).  A State court decision is "contrary to"

a Supreme Court holding "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412–13, 120 S. Ct. at 1523.[1] A State court decision involves an unreasonable application of a Supreme Court holding if the State court correctly identifies the holding but unreasonably applies it to the facts of the prisoner's case. Id. at 407, 120 S.Ct. at 1520.

An unreasonable application of a Supreme Court holding is different from an incorrect application of a Supreme Court holding. Harrington v. Richter, 562 U. S. ____, 131 S. Ct. 770, 785, 178 L. Ed.2d 624 (2011) (quoting Williams, 529 U.S. at 410, 120 S. Ct. at 1522). A federal habeas court might consider the State court's application of a Supreme Court holding incorrect were it reviewing the State court's decision as an appellate court would on direct appeal. But the habeas court is not conducting such review. AEDPA, having limited the court's authority to grant the writ, precludes the court from issuing the writ even when it "concludes in its independent judgment that the state-court decision applied [the Supreme

---

[1] "When no Supreme Court precedent is on point, . . . a state court's conclusion cannot be 'contrary to clearly established Federal law.'" Dombrowski v. Mingo, 543 F.3d 1270, 1274 (11th Cir. 2008) (quoting Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

Court holding] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 25, 123 S. Ct. 357, 360, 154 L. Ed.2d 279 (2002). "[T]he purpose of AEDPA is to ensure that federal habeas corpus relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction." Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 43–44, 181 L. Ed.2d 336 (2011) (quoting Harrington, 562 U.S. at ____, 131 S. Ct. at 786).

Section 2254(d)'s "standard for evaluating state-court rulings [is therefore] highly deferential", Woodford, 537 U.S. at 24, 123 S. Ct. at 360, and "difficult to meet," Harrington, 562 U.S. at ____, 131 S. Ct. a 786; it "demands that state-court decisions be given the benefit of the doubt." Woodford, 537 U.S. at 24, 123 S. Ct. at 360.[2] To obtain habeas relief, a state prisoner must show that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents . . . ., that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at ____, 131 S. Ct. at 786. With these principles in hand, we

---

[2] The extent of deference accorded a State court's decision will depend, in part, on the specificity of the Supreme Court holding the State court applied. If the holding is specific, the range of reasonableness may be narrow. If the holding is general, the range of reasonableness may be broad. Yarrough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149, 158 L. Ed.2d 938 (2004).

5

turn to the three issues set out in the COA, considering them in order.

## II.

Bure claims that during closing argument, the prosecutor infringed his Fifth Amendment right to remain silent by improperly commenting on his failure to testify by reminding the jury that his statements were not evidence.

The Fifth Amendment of the United States Constitution provides that "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In *United States v. McGarity*, we explained that a prosecutor's statement is an improper comment on a defendant's decision to exercise this right to remain silent if "(1) the statement was *manifestly intended* to be a comment on the defendant's failure to testify; or (2) the statement was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." 669 F.3d 1218, 1241 (11th Cir. 2012) (quotations omitted).

In *Duncan v. Stynchcombe*, 704 F.2d 1213, 1215–16 (11th Cir. 1983), the prosecutor stated: "There has been no evidence in this case from the defense at all that [the defendant] Duncan was not in that house on Monday." Duncan contended that "the remark was an impermissible reference to his failure to testify, and that it had the effect of shifting the burden of proof to [him]." We said,

6

It appears more likely that the prosecutor was attempting to point out to the jury the lack of evidence concerning Duncan's whereabouts at the time of the robbery. A comment on the failure of the defense, as opposed to that of the defendant, to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's fifth amendment privilege. The prosecutor's comment did not shift the burden of proof to Duncan, because any possible prejudice which might otherwise have resulted from the comment was cured by the court's instructions regarding the burden of proof.

*Id*. (citations omitted).

In *Griffin v. California*, the prosecutor, in closing argument to the jury, discussed the defendant's failure to testify and told the jury that it could consider the defendant's failure to take the stand. The Court held that the comments violated "the Self-Incrimination Clause of the Fifth Amendment." 380 U.S. 609, 611-13, 85 S.Ct. 1229, 1231-32, 14 L.Ed.2d 106 (1965).

Bure has not shown that the Florida District Court of Appeal, in rejecting his argument, rendered a decision that is not entitled to ADEPA deference. Bure represented himself at trial but did not testify. During closing argument, the prosecutor explained to the jury that it could consider only the evidence that was presented, not any comments that Bure made while representing himself. Because the prosecutor's statements were not such that a jury would necessarily perceive them as commentary on Bure's failure to testify, the record did not establish a Fifth Amendment violation.

7

II.

Bure claims that the State failed to provide him with adequate discovery pretrial. The Fifth Amendment of the United States Constitution protects a defendant from the deprivation of his "life, liberty, or property, without due process of law." U.S. Const. Amend. V. The Constitution, however, provides no general right to discovery in criminal cases. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). If the prosecution suppresses requested evidence favorable to an accused which is material to guilt or punishment, that suppression violates due process. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). The prosecution need not disclose its entire file to the defense, only evidence that would deprive the accused of a fair trial if it were suppressed. *United States v. Bagley*, 473 U.S. 667, 675, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985). Such evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682, 105 S.Ct. at 3383.

Here, liberally construing Bure's discovery claim as one invoking due process rights or *Brady*, the record shows that he received the documents concerning his case before trial. Bure did not explain exactly what other "evidence" should have been disclosed, nor did he explain how the alleged

8

omission deprived him of a fundamentally fair trial or how disclosure would have resulted in a more favorable outcome at trial.

III.

Bure claims that the Circuit Court improperly permitted him to represent himself.

The Sixth Amendment grants an accused the right to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 819–20, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). Before representing himself, a defendant must make a clear and unequivocal request to do so and be made aware of the benefits he relinquishes by doing so. *Id.* at 835, 95 S.Ct. at 2541. The court must ensure that he knowingly and intelligently chooses to forego these benefits by making him aware of the "dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* (quotation omitted). A court may find a defendant competent to waive his right to counsel and represent himself if he has a "rational understanding" of the proceedings. *Muhammad v. Sec'y, Dept. of Corr.*, 554 F.3d 949, 956 (11th Cir. 2009).

The record shows that the Circuit Court complied with *Faretta* before allowing Bure to represent himself. There is nothing in the record that would have

9

put the court on notice that Bure was not competent waive the right to counsel and represent himself. In short, there is nothing in the record that would support an argument that the decision to allow Bure to represent himself was contrary to, or an unreasonable application of, a United States Supreme Court holding—specifically, *Faretta v. California*.

The judgment of the District Court is, accordingly,

AFFIRMED.