[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14609
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cv-00299-RS-GRJ

WILLIAM FLOYD GAY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 29, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

William Gay, a Florida state prisoner serving a total sentence of 30 years' imprisonment for aggravated battery, appeals the district court's denial of his petition for habeas corpus, pursuant to 28 U.S.C. § 2254.  Gay argued during closing arguments that he did not batter Sheila Finch, but that she had instead sustained her injuries after she tripped and fell over an oak tree's roots.  In response to Gay's argument, the prosecutor argued that nobody testified that Finch tripped and fell on the oak tree's roots, and that "not one scintilla" of evidence supported Gay's version of events.

Gay first challenged the prosecutor's closing arguments as improperly shifting the burden of proof to Gay in a "motion for rehearing and/or in the alternative petition for a writ of habeas corpus" with the Florida District Court of Appeal, after it summarily affirmed the trial court's denial of his second motion to vacate under Florida Rule of Criminal Procedure 3.850.  The Florida District Court of Appeal summarily denied Gay's motion.  Gay also raised this same claim in his subsequent third Rule 3.850 motion, which the trial court summarily denied.  The Florida District Court of Appeal thereafter summarily affirmed on appeal.  Gay then filed the instant habeas petition with the district court, arguing that the prosecutor's closing arguments improperly shifted the burden of proof to Gay.  The district court denied Gay's claim as procedurally defaulted.

On appeal, Gay argues that his claim is not procedurally defaulted because an adequate state procedural basis did not support the state court's denial of his claim. Alternatively, he argues that either cause and prejudice or a fundamental miscarriage of justice excused his procedural default. Gay further argues that the prosecutor violated *Griffin v. California*, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233 (1965), by improperly commenting on his failure to testify in support of his theory of defense.

We review de novo a district court's denial of a habeas petition. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Whether a claim is subject to procedural default is a mixed question of fact and law that we also review de novo. *Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1227 (11th Cir. 2009).

Where a state adjudicates a habeas petitioner's claims on the merits, our review is "highly deferential." *Williams v. Allen*, 598 F.3d 778, 787 (11th Cir. 2010). Under such circumstances, a federal court may only grant habeas relief if the state court's merits adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The petitioner bears the burden of establishing his right to habeas relief and proving all

3

of the facts necessary to demonstrate a constitutional violation. *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001).

A state-court decision is contrary to federal law if the court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1098 (11th Cir. 2007). Likewise, a state-court decision is an unreasonable application of federal law where the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the case before it. *See Ventura v. Att'y Gen., Fla.*, 419 F.3d 1269, 1286 (11th Cir. 2005). Ultimately, a state court's merits determination precludes federal habeas relief where fairminded jurists could disagree on whether the state court correctly decided the claim. *See Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 476 (11th Cir. 2012), *cert. denied*, *Lawrence v. Crews* (U.S. Apr. 15, 2013) (No. 12-8115).

An "adjudication on the merits" is any state-court decision that does not rest solely upon a state procedural bar, including summary dispositions. *See Loggins v. Thomas*, 654 F.3d 1204, 1217 (11th Cir. 2011). The Supreme Court has held that when a federal claim is presented to a state court, federal courts may presume that the state court adjudicated the petitioner's claim on the merits absent any

4

indication or state-law procedural principles to the contrary. *See Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). This presumption may be overcome where there is reason to think some other explanation for the state court's decision is more likely. *Id.* at 785. We have subsequently held that we will presume that the state court adjudicated the petitioner's claim on the merits unless the state court clearly stated that its decision was based solely upon a state procedural rule. *See Loggins*, 654 F.3d at 1217.

A federal court, however, will not review questions of federal law that are presented in a habeas petition where the state court rested its decision upon a state-law ground that is both independent of the federal question and adequate to support the judgment. *Doorbal*, 572 F.3d at 1227. We apply a three-part test to determine whether a state-court judgment rested upon an independent and adequate state-law ground: (1) the last state court rendering judgment must have clearly and expressly stated that it was relying upon state procedural rules to resolve the federal claim without reaching the merits; (2) "the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law"; and (3) "the state procedural rule must be adequate." *Id.* (internal quotation marks omitted). In order to constitute an adequate state-law ground, the state procedural rule must be firmly established and regularly followed. *Payne v. Allen*, 539 F.3d 1297, 1313 (11th Cir. 2008). Nonetheless, a petitioner's

5

procedural default may be excused if he demonstrates cause for his default and actual prejudice from the alleged constitutional violation. *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). His procedural default may also be excused if he demonstrates a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314–15, 326–27, 115 S. Ct. 851, 860–61, 867 (1995).

The Fifth Amendment guards a criminal defendant's right against self-incrimination, and to this end, a prosecutor may not comment on the defendant's failure to testify. *Griffin*, 380 U.S. at 615, 85 S. Ct. at 1233. A defendant's rights are violated where the prosecutor's statement was either "manifestly intended to be a comment on the defendant's failure to testify," or "of such a character that a jury would naturally and necessarily take it to be a comment on" the defendant's silence. *Isaacs v. Head*, 300 F.3d 1232, 1270 (11th Cir. 2002). We have strictly enforced the defendant's burden to make such a showing, and the inquiry is not simply whether a jury possibly or even probably would view the statement in such a manner. *Id.* Rather, we must determine only whether the jury necessarily would have done so. *See id.* In applying this test, we look to the context in which the prosecutor made the challenged statement in order to determine the manifest intention that prompted it, as well as the natural and necessary impact that it might have upon the jury. *Solomon v. Kemp*, 735 F.2d 395, 401 (11th Cir. 1984). A comment on the failure of the defense, as opposed to

6

the defendant's failure to testify, to counter or explain the testimony presented or evidence introduced does not impinge upon a defendant's privilege against self-incrimination. *Duncan v. Stynchcombe*, 704 F.2d 1213, 1215–16 (11th Cir. 1983) (per curiam).

*Griffin* errors are subject to harmless error review. *See Chapman v. California*, 386 U.S. 18, 24–26, 87 S. Ct. 824, 828–29 (1967) (applying harmless error review to the defendants' *Griffin* claim). While a federal constitutional error may be considered harmless on direct review if the reviewing court can determine that it was harmless beyond a reasonable doubt, *see Mansfield v. Sec'y, Dep't of Corr.*, 679 F.3d 1301, 1307 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 861 (2013), a federal constitutional error is considered harmless on collateral review unless there is "actual prejudice," *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 1721–22 (1993) (internal quotation marks omitted). "Actual prejudice" requires that the error have had a substantial and injurious effect or influence upon the verdict. *Id.* Under this standard, an error is not harmless where one is left in grave doubt as to whether the error substantially and injuriously affected or influenced the verdict. *See O'Neal v. McAninch*, 513 U.S. 432, 437–38, 115 S. Ct. 992, 995 (1995).

Here, as an initial matter, although the state argues that Gay's federal habeas petition was untimely, this court did not certify the timeliness of his federal habeas

7

petition for appeal. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (per curiam) (holding that appellate review in a § 2254 proceeding is limited to the issues specified in the COA). Although this court may consider threshold procedural issues despite their absence in the COA, the district court did not decide the timeliness of Gay's federal habeas petition in the first instance, and we therefore decline to address that issue here. *See Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1258 (11th Cir. 2002) (noting that it would be a waste of time to consider the merits of the petitioner's claim unless this court reviewed the district court's threshold ruling that the petitioner's claim was procedurally barred).

Next, because no state court clearly and expressly stated that it decided Gay's *Griffin* claims solely upon a state procedural rule, it is not clear whether Gay's claims are procedurally defaulted. Even assuming *arguendo*, however, that Gay's *Griffin* claims are not procedurally defaulted, we conclude that they are meritless. Gay argues that the state improperly commented upon his failure to testify by arguing that: (1) the jury should base its verdict upon the credible evidence that it heard from the witness stand; (2) nobody testified that Finch tripped on the oak tree roots; (3) "not one scintilla" of evidence supported the theory that Finch tripped on the oak tree roots; and (4) the jury should base its verdict on the witness testimony and evidentiary exhibits. Gay claims that these comments are fairly susceptible to being taken as comments on his failure to

testify, inasmuch as only Gay could provide testimony contradicting Finch's factual account. He further argues that a jury would naturally understand the state's closing arguments as a comment on his failure to testify. Finally, Gay contends that the state's closing arguments prejudiced him because any statement that is reasonably susceptible to being interpreted as a comment on the defendant's silence creates a high risk of error.

In this case, the prosecutor's challenged statements were more likely comments on the failure of Gay's defense to explain or counter evidence of his guilt, rather than statements that were manifestly intended to comment on his failure to testify or that were naturally and necessarily interpreted as such. Accordingly, a jury would not have necessarily interpreted the state's arguments as improper comments on Gay's failure to testify, but could have plausibly taken them as comments on the quality of the evidence that Gay in fact presented. The prosecutor's closing arguments did not violate *Griffin*. *See Isaacs*, 300 F.3d at 1270–71; *Duncan*, 704 F.2d at 1215–16.

Even assuming *Griffin* errors, the trial court's jury instructions rendered them harmless. The trial court instructed the jury regarding the state's burden of proof on multiple occasions, advising the jury that the state had to prove Gay's guilt beyond a reasonable doubt. Conversely, it instructed the jury that Gay enjoyed a presumption of innocence that remained with him unless the state bore

its burden to prove his guilt, and that Gay held no burden to prove his innocence, present evidence, or otherwise prove or disprove anything. Finally, the trial court instructed the jury that Gay had the fundamental right not to testify, and that the jury could not hold Gay's decision not to testify against him in any manner. These instructions cured any prejudice that may have resulted from the prosecutor's closing arguments. As a result, Gay cannot demonstrate that any *Griffin* error substantially and injuriously affected or influenced the jury's verdict. *See O'Neal*, 513 U.S. at 437–38, 115 S. Ct. at 995; *Brecht*, 507 U.S. at 637–38, 113 S. Ct. at 1721–22.

For the foregoing reasons, the state court's denials of Gay's *Griffin* claims were not contrary to, and did not constitute an unreasonable application of *Griffin*. Accordingly, we affirm.

**AFFIRMED.**